1

2

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

3

4

5

6

7

8

| | | |
|---|---|---|
| Antonio Soto and Laura Soto, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.: 2:14-cv-1563-GMN-VCF |
| vs. | ) | |
| | ) | **ORDER** |
| OneWest Bank, FSB, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

9

10

11

12

        Pending before the Court is the Motion to Dismiss, (ECF No. 9), filed by Defendant OneWest Bank, FSB.  Plaintiffs Antonio Soto and Laura Soto filed a Response, (ECF No. 14), to which Defendant replied, (ECF No. 18).  For the reasons set forth herein, the Motion will be granted.

13

## I.    BACKGROUND

14

15

        This case centers upon Plaintiffs' allegations that Defendant wrongfully foreclosed upon their former residence. (Compl., ECF No. 1-1).

16

17

18

19

20

        Plaintiffs allege that they filed bankruptcy in the United States Bankruptcy Court for the District of Nevada on February 22, 2012, in order to "save their real property located at 545 Foster Springs Road, Las Vegas, NV 89148" ("the Property"). (*Id.* at ¶ 5).  On August 27, 2012, the Bankruptcy Court terminated the automatic stay as to the Property and specifically permitted Defendant to "recommence foreclosure proceedings."[1] *In re Soto*, 12-11861-BAM

21

22

23

24

25

_____

[1] In the Complaint, Plaintiffs allege that the Bankruptcy Court ordered that Defendant file a new Notice of Default regarding the Property. (Compl. ¶ 9).  However, this requirement does not actually appear in the Bankruptcy Court's order terminating the automatic stay. *In re Soto*, 12-11861-BAM (Bankr. D. Nev. Aug. 14, 2012).  The Court may properly take judicial notice of orders in related actions issued by other courts. *See, e.g.*, *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) (stating that courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").  Therefore the Court need not give credence to Plaintiffs' allegations that are not supported by the actual text of the Bankruptcy Court's order.

1   (Bankr. D. Nev. Aug. 14, 2012).  After the automatic stay was terminated, the Complaint

2   alleges that Defendant issued a Notice of Trustee's Sale and foreclosed upon the Property.

3   (Compl. ¶ 10).  The trustee's sale took place on October 18, 2012. (Trustee's Deed Upon Sale,

4   Ex. V to Mot. to Dism., ECF No. 9-22).

5         Based on these allegations, the Complaint sets forth claims for: (1) Wrongful

6   Foreclosure; (2) Abuse of Process; and (3) Unjust Enrichment. (Compl. ¶¶ 14-29).  In the

7   instant Motion, Defendant argues that the Complaint should be dismissed pursuant to Federal

8   Rule of Civil Procedure 12(b)(6). (Mot. to Dism., ECF No. 9).

9   ## II.   LEGAL STANDARD

10        Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon

11  which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

12  555 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on

13  which it rests, and although a court must take all factual allegations as true, legal conclusions

14  couched as a factual allegation are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, Rule

15  12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements

16  of a cause of action will not do." *Id.*  "To survive a motion to dismiss, a complaint must contain

17  sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

18  face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).  "A

19  claim has facial plausibility when the plaintiff pleads factual content that allows the court to

20  draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  This

21  standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

22        "Generally, a district court may not consider any material beyond the pleadings in ruling

23  on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542,

24  1555 n.19 (9th Cir. 1990).  "However, material which is properly submitted as part of the

25  complaint may be considered." *Id.*  Similarly, "documents whose contents are alleged in a

complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  On a motion to dismiss, a court may also take judicial notice of "matters of public record." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the Court grants a motion to dismiss for failure to state a claim, leave to amend should be given unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc*., 957 F.2d 655, 658 (9th Cir. 1992).  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III.   DISCUSSION

Defendant argues that the Complaint should be dismissed because Plaintiffs' claims each fail as a matter of law.  In considering the instant Motion, the Court will address each of Plaintiffs' claims in turn.

### A. Wrongful Foreclosure

Defendant argues that Plaintiffs' wrongful foreclosure claim is time barred, and therefore should be dismissed with prejudice.  Indeed, pursuant to Nev. Rev. Stat. 107.080(5)(b), parties have only forty-five days following a trustee's sale to challenge the sale's validity.  In this case, the trustee's sale occurred on October 18, 2012, (Trustee's Deed Upon Sale, Ex. V to Mot. to Dism., ECF No. 9-22), and Plaintiffs did not file this action until

1  August 28, 2014, (Compl., ECF No. 1-1).  Therefore, as 679 days elapsed between the trustee's

2  sale and the filing of the Complaint, the Court finds that Plaintiffs' wrongful foreclosure claim

3  is time barred pursuant to Nev. Rev. Stat. 107.080(5)(b).[2]  Accordingly, the Court will dismiss

4  this claim with prejudice.

5  **B. Abuse of Process**

6  Defendant argues that because the trustee's sale at issue was a non-judicial foreclosure,

7  Plaintiffs' abuse of process claim fails as a matter of law.  Indeed, numerous courts in this

8  district have held that a non-judicial foreclosure sale cannot give rise to an abuse of process

9  claim. *See, e.g.*, *Aguilar v. Investaid Corp.*, No. 3:11-CV-0643-ECR-VPC, 2012 WL 2590356,

10  at *7 (D. Nev. July 3, 2012) ("Plaintiff's claim for abuse of process fails as a matter of law

11  because non-judicial foreclosure is not the type of "process" addressed by the abuse of process

12  tort as it does not involve judicial action."); *Riley v. Greenpoint Mortgage Funding, Inc.*, No.

13  2:10-CV-1873-RLH-RJJ, 2011 WL 1979831, at *5 (D. Nev. May 20, 2011) ("Plaintiffs' abuse

14  of process claim fails because [the defendant] was entitled to initiate non judicial foreclosure

15  upon default and because this is not the type of process addressed by the abuse of process

16  tort.").  Accordingly, as Plaintiffs' abuse of process claim is based on a non-judicial foreclosure

17  sale, the Court finds that it fails as a matter of law.

18  **C. Unjust Enrichment**

19  Defendant argues that Plaintiffs' unjust enrichment claim is invalid as a matter of law

20  because a written agreement existed which governed the interests each party held in the

21  Property.  It is thoroughly established under Nevada law that a party's breach of a mortgage

---

[2] At the time the trustee's sale occurred in this case, Nev. Rev. Stat. 107.080(5)(b) provided that a party had ninety days in which to challenge the validity of a trustee's sale. *See, e.g.*, *Michniak v. Argent Mortgage Co., LLC*, No. 56334, 2012 WL 6588912, at *1 (Nev. Dec. 14, 2012).  The current, forty-five day limitations period was incorporated by an amendment that took effect on October 1, 2013.  Nevertheless, even if the Court applied the ninety-day limitations period in this case, Plaintiffs' claim would still be time barred.

agreement cannot give rise to a claim for unjust enrichment. *See, e.g.*, *Leasepartners Corp. v. Robert L. Brooks Trust*, 942 P.2d 182, 187 (Nev. 1997) ("An action based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement."); *Riley v. Greenpoint Mortgage Funding, Inc.*, No. 2:10-CV-1873-RLH-RJJ, 2011 WL 1979831, at *4 (D. Nev. May 20, 2011) (dismissing an unjust enrichment claim because one of the plaintiffs "had an express contract requiring payment on her mortgage to avoid default and foreclosure"); *Godino v. Countrywide KB Home Loans*, No. 2:11-CV-1216-JCM-PAL, 2011 WL 6131602, at *3 (D. Nev. Dec. 8, 2011) (dismissing a post-foreclosure unjust enrichment claim after noting that "the parties entered into an express contract when they executed the deed of trust and note"). Notably, Plaintiffs put forward no attempt to refute Defendant's arguments as to this claim in their Response to the Motion to Dismiss. As the Complaint makes clear that Defendant's interest in the Property was established by a deed of trust, Plaintiffs' unjust enrichment claim fails as a matter of law.

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss, (ECF No. 9), is **GRANTED**.

**IT IS FURTHER ORDERED** that the Complaint **DISMISSED with prejudice**. The Clerk shall enter judgment accordingly and close the case.

**DATED** this 6th day of April, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court